IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER L. KING** | : | |
| 639 Thistle Ave. | : | |
| Columbus, OH 43230 | : | Civil Action No.: 2:17-cv-382 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| **SELECT MEDICAL HOSPITAL –** | : | |
| **COLUMBUS, INC.** | : | |
| c/o Registered Agent | : | **Jury Demand Endorsed Hereon** |
| CT Corporation System | : | |
| 4400 Easton Commons Way, Ste. 125 | : | |
| Columbus, OH 43219 | : | |
| | : | |
| and | : | |
| | : | |
| **SELECT EMPLOYMENT SERVICES,** | : | |
| **INC.** | : | |
| 4714 Gettysburg Rd. | : | |
| Mechanicsburg, PA 17055 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**COMPLAINT**

NOW COMES Plaintiff Jennifer King ("Plaintiff") and proffers this Complaint for damages against Defendant Select Specialty Hospital – Columbus, Inc. and Defendant Select Employment Services, Inc. ("Defendants").

**JURISDICTION AND VENUE**

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performs her job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff King is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff King resides in Franklin County, Ohio.

6. Defendant Select Specialty Hospital – Columbus, Inc. is a foreign corporation registered to do business in the State of Ohio.

7. Defendant Select Employment Services, Inc. is a foreign corporation registered to do business in the State of Ohio.

8. Plaintiff is an employee of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

9. Defendants are covered employers as that term is defined in the FLSA and O.R.C. Chapter 4111.

10. Defendants are engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

11. Plaintiff first began her employment with Defendants in or around June 2015.

12. Plaintiff is employed with Defendants in the position of Payor Relations Specialist at Defendants' Columbus, Ohio facility located at 1087 Dennison Ave, Columbus, OH 43201.

13. Plaintiff's job duties include performing insurance authorizations for Defendants' patients; reviewing medical records; and communicating with patients' insurance companies regarding their care at Defendants' facility.

14. Defendants told Plaintiff she would be paid a "salary."

15. Throughout her employment, Plaintiff was assigned to work the same shift of 8:00 A.M. – 5:00 P.M., Monday through Friday. However, on most days, it was necessary for Plaintiff to work after 5:00 P.M. to complete her job duties.

16. In addition to the work performed at the office, Plaintiff was required to answer work related phone calls and emails when she was not in the office.

17. Throughout her employment, Plaintiff typically took a 30-minute lunch break except on days she was out of the office for a part of the day for medical reasons.

18. Defendants provide their employees, including Plaintiff, with Paid Time Off (PTO) and Employee Illness Days (EID). PTO and EID are accrued each pay period.

19. In or around July 2016, Plaintiff's medical condition required her to apply for intermittent FMLA. Plaintiff's FMLA request was approved.

20. On certain days, Plaintiff needed to take the entire day off of work. More often, though, Plaintiff only needed to take off part of the workday to attend a doctor's appointment.

21. When Plaintiff missed partial days, she often stayed later or came in earlier at some point during the week to make up for the missed partial day.

22. In or around December 2016, Plaintiff applied and was approved for FMLA for her child.

23. Plaintiff's personal medical leave and leave to care for her child resulted in the exhaustion of her PTO and EID time.

24. Plaintiff started noticing that deductions were being made to her paycheck – even on days when Plaintiff missed less than a full day.

25. In February 2017 Plaintiff took three weeks of continuous FMLA leave. Plaintiff did not have any PTO or EID after she returned from this leave of absence.

26. In late February and March 2017, Plaintiff again began noticing deductions to her paycheck for days where she only missed a partial day.

27. In March 2017, Plaintiff inquired as to why her "salary" was so much less than the amount it was supposed to be.

28. On or about April 13, 2017, Plaintiff emailed Defendants and asked that deductions not be made to her upcoming paycheck. Defendants responded that Plaintiff had exhausted all her paid time and that deductions would be made for any hours missed, including partial days.

29. Deductions continue to be made for medical absences of less than a day. Plaintiff's "salary" is reduced on a pro-rata basis by the number of hours Plaintiff misses on partial days.

**FIRST CAUSE OF ACTION**
**29 U.S.C. §201, *et seq*. - Failure to Pay Overtime**

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. Plaintiff is currently employed by Defendants.

32. Defendants made improper deductions to Plaintiff's pay for absences of less than a day due to Plaintiff's sickness or disability.

33. Defendants improperly classified and continues to classify Plaintiff as an exempt employee.

34. Plaintiff is not exempt from the overtime requirements of the FLSA because Plaintiff is not compensated on a salary basis.

35. Plaintiff is entitled to be paid an overtime premium for all hours worked over 40 in a workweek.

36. Plaintiff regularly works more than 40 hours per workweek.

37. Defendants are aware that Plaintiff regularly worked more than 40 hours per week, but does not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

38. Defendants knew or should have known of the overtime payment requirement of the FLSA, that deductions for absences of less than a day are improper, and that Plaintiff was not properly classified as a salary-exempt employee.

39. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was and continues to be willful.

40. As a result of Defendants' actions, Plaintiff has been damaged.

**SECOND CAUSE OF ACTION**
**OMFWSA R.C. 4111.03 - Failure to Pay Overtime**

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

5

42. Defendants have and continue to improperly classify Plaintiff as a salaried exempt employee.

43. Plaintiff is not exempt from the overtime mandates of Ohio law.

44. Defendants' knowing failure to pay overtime wages for hours worked in excess of forty (40) per workweek was and continues to be a violation of Section 4111.03 of the Ohio Revised Code.

45. For the Defendants' violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

### THIRD CAUSE OF ACTION
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendants to pay their employees within thirty (30) days of when they performed compensable work.

48. At all times relevant herein, Defendants failed and continue to fail to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

49. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

B. An injunction against Defendants from engaging in each of the unlawful practices, policies, and patters set forth herein;

C. An award of unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate, but in any event, not less than a total of $75,000.00.

Respectfully submitted,

/s/*Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Greg R. Mansell*_____
Greg R. Mansell (0085197)