IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER KING,

      Plaintiff,

  v.                                         Civil Action 2:17-cv-382
                                              Judge Algenon L. Marbley
                                              Magistrate Judge Jolson

SELECT SPECIALTY HOSPITAL–
COLUMBUS, INC., et al.,

      Defendants.

## ORDER

This matter is before the Court on a Joint Motion to File Settlement Documents under Seal. (Doc. 13). The parties bear the heavy burden of overcoming a strong presumption in favor of openness as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). In addition to establishing a compelling reason to justify non-disclosure of the information, the parties must demonstrate that the seal is "narrowly tailored to serve that reason." *Id.* Even upon joint motion, this Court must set forth specific findings and conclusions justifying nondisclosure to the public. *Id*. at 306.

With respect to FLSA actions specifically, "the overwhelming majority of trial courts have likewise favored a strong presumption in favor of public access," even where the parties have negotiated a confidentiality provision concerning the settlement. *Darner v. The Twins Grp.*, No. 2:16-cv-450, Doc. 20 at 2 (S.D. Ohio Jan. 19, 2017); *see also Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (finding that "a confidentiality provision in an FLSA settlement agreement … contravenes the legislative

purpose of the FLSA") (internal quotations and citation omitted); *Lipker v. Columbus Auto Source*, No. 2:15-cv-890, Doc. 21 at 1–2 (S.D. Ohio June 27, 2017) (denying motion to file settlement paperwork under seal).  Here, the parties state only that "a significant element of the consideration for the [Confidential Settlement Agreement and Release of Claims] is the parties' mutual confidentiality regarding the Agreement and its terms."  (Doc. 13 at 2).  Because the parties have failed to demonstrate that their desire to file the documents under seal outweighs the public interest in allowing access to the documents, the Joint Motion to File Settlement Documents under Seal is **DENIED**.  (Doc. 13).

    IT IS SO ORDERED.

Date:  July 21, 2017                                        /s/ Kimberly A. Jolson
                                                                                 KIMBERLY A. JOLSON
                                                                                 UNITED STATES MAGISTRATE JUDGE