## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release of Claims ("Agreement") is entered into by Jennifer L. King, for herself and her heirs, successors and assigns (hereinafter "Employee"), and Defendants Select Specialty Hospital – Columbus, Inc. and Select Employment Services, Inc. (hereinafter collectively referred to as "Select").

**WHEREAS**, Employee has initiated a lawsuit captioned *King v. Select Specialty Hospital – Columbus, Inc., et al.,* S.D. Ohio Case No. 2:17-cv-382 seeking damages from Select for: (1) alleged violations of the Fair Labor Standards Act and Chapter 4111 of the Ohio Revised Code of unpaid overtime compensation, liquidated damages, attorneys' fees and costs; and (2) alleged violations of Ohio's Prompt Payment Act, §4113.15 (the "Litigation"), and a bona fide dispute exists between the Parties as to these claims (the "Subject Matter");

**WHEREAS**, the Parties desire to compromise, settle and resolve all disputes between them, with respect to Employee's employment with Select, and have reached an agreement;

**NOW, THEREFORE**, in consideration of the promises, covenants and agreements set forth herein, it is hereby agreed as follows:

## AGREEMENT

1. **Settlement Payments:** Select agrees to pay a total sum of $19,000.00, which will be divided as follows:

    (a) $5,496.89 will be paid to Employee as settlement for Employee's claims for payment for back overtime compensation;

    (b) $5,496.88 will be paid to Employee as settlement for Employee's claims for payment for alleged statutory damages; and

    (c) $8,006.23 will be paid to Mansell Law, LLC for attorneys' fees and costs.

Select will deliver the checks to Mansell Law, LLC's offices no later than 30 days after Select receives an executed copy of this Agreement or the Court approves the settlement, whichever is later.

Employee's payments referenced in (a) above will be subject to the withholding of all applicable federal, state and local taxes. Select will report Employee's settlement payment referenced in (a) above on an IRS Forms W-2. Employee is responsible for all taxes required by law with respect to payments referenced in (b) above. Select will issue a Form 1099 to Employee with respect to the settlement payment referenced in (b) above. Select will issue to Mansell Law, LLC a Form 1099 with respect to the attorneys' fees and costs.

Employee agrees that the above payments represent any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Employee may have been entitled to receive or recover in connection with her employment with Select.

Employee further agrees that the above payments represent full and complete satisfaction and payment of any and all monies purportedly due and owing to her arising out of, or relating to, her employment with Select.

2. **Release of Claims:** In consideration for the promises set forth in this Agreement, Employee hereby voluntarily and forever relinquishes any claim she may have against Select and Select's parents, subsidiaries, and affiliates and their owners, directors, officers, insurers, representatives, attorneys, and employees including without limitation any claim she may have regarding the Subject Matter. For good and valuable consideration, Employee does hereby fully, finally and forever release, waive and irrevocably discharge, from any and all claims, actions and causes of action, suits, debts, liability, and any demands whatsoever, in law or in equity, whether known or unknown, vested or contingent, which Employee ever had or may now have, including without limitation those that arise from or relate to the Subject Matter. This includes, but is not limited to, all claims or charges which could have been raised under common law, breach of contract, promissory estoppel, defamation, invasion of privacy, intentional infliction of emotional distress, negligence, interference with contractual or other relationships, any federal, state or local statutes or laws, or any Internal Policies of Select that govern Employee's employment relationship with Select, including any claim and charge that Employee has or may have which might arise out of the Fair Labor Standards and the Equal Pay Acts; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1964 as amended; the Civil Rights Act of 1991 as amended; the United States Constitution; the Civil Rights Acts of 1866 or 1871 (42 U.S.C. Sections 1981, 1983, 1985, et seq.); the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; Chapter 4112 of the Ohio Revised Code; Chapter 124 of the Ohio Revised Code; tortious wrongful discharge claims under Ohio law; and any other Federal, State, City, County or other local law or ordinance concerning employment, or in any other manner regulating or otherwise concerning wages, hours or any other terms or conditions of employment, which, (a) have been filed, (b) are now pending, or (c) could have been filed, relating to any acts which have transpired in regard to Employee's relationship with Select.

3. **Stipulation as to Judicial Approval of Settlement:** The Settlement Payments are in full accord, satisfaction, and final compromise and settlement of any and all claims, demands, actions, causes of action, suits, damages, losses, costs, attorneys' fees and expenses, of any and every nature whatsoever, known or unknown, including, but not limited to, any and all claims which Employee may have or claim to have relating to her employment relationship with Select. Employee specifically acknowledges that there is a dispute as to whether she was properly compensated pursuant to the Fair Labor Standards Act ("the FLSA"); accordingly, Employee acknowledges, stipulates and herby certifies that the amount payable under this Agreement includes and represents payment for all wages, liquidated damages, attorneys' fees, or other amounts Employee claims to be owed to her by operation of the FLSA. If Employee subsequently challenges the validity of any part of the release or any other part of this Agreement, Employee will cooperate to take any reasonable step necessary to ensure that a complete release of all claims was/is legally effected.

4. **No Future Lawsuits:** Employee promises never to file a lawsuit, demand, action, or otherwise assert any claims against Select referenced in paragraph 2 of this Agreement.

5. **Resignation and No Reemployment:** Employee agrees to voluntarily resign her employment with Select effective July 10, 2017. Employee agrees that she will neither seek nor accept employment with Select or any of their affiliated or related entities and that neither Select nor any of their affiliates or related entities have any obligation to hire or rehire Employee or consider her for employment at any time in the future. Employee forever releases, waives, and relinquishes any right or claim to be hired by, or to reinstatement with, Select, or any of their affiliates or related entities. Employee agrees and

expressly acknowledges that this Agreement is a lawful and non-discriminatory basis upon which Select or any of their affiliated or related entities may refuse to hire or rehire Employee.

7. **Non-Disparagement:** Employee agree that she will not make any derogatory or defamatory remarks or statements regarding Select or any of their affiliated or related entities, insurers, owners, agents, assigns, directors, officers, employees and representatives.

8. **No Assignment of Claims:** Employee represents and warrants that she is the sole and lawful owner of all rights, title and interest in and to all released matters, claims and demands referred to herein. Employee further represents and warrants that there has been no assignment or other transfer of any interest in any such matters, claims or demands that Employee may have against Select.

9. **Confidentiality:** Employee agrees that, unless she is compelled to do so by law, she will not disclose to any other person any information regarding the existence or substance of this Agreement, except that she may discuss the terms of this Agreement with her immediate family, financial advisors, or an attorney with whom Employee chooses to consult regarding her consideration of this Agreement, provided that any such individual agrees to keep that information strictly confidential and disclose it to no other person. The fact of settlement, the parties to the settlement, the reasons for settlement, the fact that the settlement involves a payment by Select and the amount of the settlement payment, shall remain strictly confidential, except as required by law. If Employee is asked about any claims she may have against Select, or the Litigation, it shall not be a breach of this Paragraph for Employee to say "It's over." Neither Employee nor her legal counsel in this lawsuit may disclose to any news organization or member of the media, or otherwise disclose to anyone in any medium (including, but not limited to, websites, blogs, internet chat rooms or message boards, social networking sites or pages, or marketing or promotional materials of any kind) any of the information referenced in Paragraph 9, or any other details regarding this lawsuit or the settlement thereof. Employee acknowledges and agrees that this confidentiality provision is a critical term of this Agreement.

10. **Non-Admission of Liability:** Employee acknowledges and agrees that the Select's participation in this Agreement is not to be construed as an admission of any wrongdoing or liability whatsoever by or on behalf of Select, or any of their directors, officers, agents or representatives.

11. **Choice of Law:** The Parties also agree that this Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Ohio without regard to its conflicts of law rules.

12. **Acknowledgements:** Employee acknowledges she has been represented by counsel for the negotiation and settlement of this matter, and that she understands the terms of this Agreement, and is knowingly and voluntarily entering into it.

13. **Construction:** The Parties expressly agree and acknowledge that this Agreement is not to be construed against any of the Parties on the basis of which party drafted the Agreement.

14. **Counterparts:** This Agreement may be signed in counterparts, and all such counterparts taken together shall constitute the same Agreement. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

15. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the

Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

16. **Entire Agreement:** The Parties agree that this Agreement is the entire Agreement between them and represents their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. This Agreement may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by the Parties.

**WHEREFORE, the undersigned assert that they have read the foregoing Confidential Settlement Agreement and Release of Claims and declare that they have consulted with counsel and fully understand this Agreement and its legal significance and voluntarily sign it below to signify their agreement with its terms.**

Date: 7/18/2017

Name: Jennifer L. King

Date: 7.20.2017

Select Specialty Hospital – Columbus, Inc.

By: JOHN A. SAICH

Its: _____

Date: 7.20.2017

Select Employment Services, Inc.

By: JOHN A. SAICH

Its: _____